UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NEVELLE GRAYSON,** )<br>)<br>plaintiff, )<br>)<br>v. )<br>)<br>**COREY THOMAS, FORT WAYNE** )<br>**POLICE DEPARTMENT, and OTHER** )<br>**OFFICER,** )<br>)<br>defendants. ) | CAUSE NO. 1:07-cv-0088 AS |

*MEMORANDUM, OPINION AND ORDER*

  Nevelle Grayson filed a *pro se* complaint pursuant to 42 U.S.C. §1983 against the Fort Wayne Police Department, former Fort Wayne Police Officer Corey Thomas, and a John Doe police officer. The plaintiff alleges that Officers Thomas and Doe used excessive force against him and falsely arrested him. He also seeks leave to proceed *in forma pauperis*.

  Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive or captious litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

  The plaintiff brought this complaint pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a

person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

"All claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner,* 490 U.S. 386, 395, (1989) (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner,* 490 U.S. at 396, quoting *United States v. Place,* 462 U.S. 696, 703 (1983).

Giving Mr. Grayson the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that the defendant police officers used excessive and unnecessary force when arresting him is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983. But Mr.

2

Grayson also states in his complaint that "I already have a lawsuit against them they want to settle." He states that he is represented by counsel in that case.

Mr. Grayson may not maintain an action against these defendants simultaneously in state and federal courts based on the same incident. It is malicious to do so.

Mr. Grayson may proceed on his claim against these defendants in either state or federal court, but not in both. Because he already has a complaint against the defendants pending in state court, this court will deny him leave to proceed *in forma pauperis*, and dismiss this complaint without prejudice to his right to refile it in this court if he voluntarily dismisses his state court complaint, or if the state court dismisses his complaint in a manner that would not result in his claim being barred by the doctrine of *res judicata* or claim preclusion.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (docket #2), and **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)2(B)(i) without prejudice.

**IT IS SO ORDERED.**

**ENTERED**: July 11 , 2007

                                              **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**